United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAIME ALBERTO ROSALES,
Petitioner,

v.

TONYA ANDREWS, *et al.*,
Respondents.

Case No. 1:26-cv-08988 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 4

Petitioner Jamie Alberto Rosales is an immigration detainee proceeding with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Though both parties agree Petitioner's detention is controlled by 8 U.S.C. § 1226(a), and that he received a bond hearing pursuant to that statute, Petitioner maintains that his continued detention violates due process. For the reasons that follow, the Court GRANTS the petition and ORDERS Petitioner's release.

## I. BACKGROUND

Petitioner is a native of El Salvador who entered the United States approximately twenty-years ago without inspection by immigration authorities. Dkt. No. 1 at 5; Dkt. No. 13 at 17. Prior to his detention he lived with and cared for his elderly mother in Florida. Dkt. No. 13 at 27. His mother is a United States citizen and submitted an I-130 Petition for Alien Relative Status on Petitioner's behalf several years ago, which has still not been acted on by USCIS. *See* Dkt. No. 15-2 at 45. Petitioner has no criminal history. Dkt. No. 17 at 18.

In September 2026, Florida law enforcement pulled over a car Petitioner was sitting as a passenger in for a suspected window tint violation. Dkt. No. 13 at 17. The officers began to question Petitioner and the other passengers about their immigration status, and upon determining

that Petitioner did not have lawful status, transferred him to ICE custody. *Id*. An administrative warrant for Petitioner's arrest was served on him at some point that day, presumably after he was already in ICE custody. *See id*. at 20. He was also served with a "Notice of Custody Determination[,]" informing him that he was detained under 8 U.S.C. § 1226(a) and could request a custody redetermination hearing before an immigration judge. *Id*. at 22.

Roughly a month and a half later, Petitioner received a custody redetermination hearing before an immigration judge and was denied bond on a finding that Petitioner was a flight risk. Dkt. No. 13 at 28–29. In support of his release, he submitted extensive evidence of his community ties, including his mother's need for help at home, the names of his United States citizen relatives, which includes his mother, siblings, and niece and nephews, letters of support from family members and his pastor, information related to a proposed surety, and information about his pending I-130 petition. *See id*. at 27; Dkt. No. 15-2 at 49–62. DHS argued that Petitioner was a flight risk because he entered without inspection, has no work authorization, and his potential avenue for immigration relief was still pending and speculative. Dkt. No. 13 at 27.

In denying release, the immigration judge produced a written order in which he explained that "[Petitioner] has failed to show that a minimum, or any, bond can mitigate the risk of flight posed by [Petitioner]." *Id*. at 28. What the immigration judge based this determination on is unclear, as the hearing recording reveals his only consideration of an appropriate bond amount was as follows: "there appear to be very few assets that would secure the [Petitioner's] incentive to return to court." Dkt. No. 14 at 21:10. The immigration judge did not address non-monetary alternatives to detention, such as GPS monitoring or scheduled immigration check-ins.

Petitioner has now been detained for over two months. Neither party has provided the Court with information regarding the status of Petitioner's removal proceedings, however, the EOIR docket states that no immigration judge has ordered Petitioner removed. As such, any removal proceedings remain pending and indefinite.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every

individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents argue that Petitioner must exhaust his administrative remedies by appealing his bond order to the Board of Immigration Appeals ("BIA") before seeking relief in habeas. Dkt. No. 13 at 3–4. They further contend that Petitioner has received all the process he is entitled to under § 1226(a). *Id*. In reply, Petitioner contends that exhaustion should be excused because the hearing he received was constitutionally inadequate given that the immigration judge failed to consider alternatives to detention in denying release. Dkt. No. 15 at 4. The Court first addresses exhaustion before turning to the merits.

### A. Exhaustion

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring

exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Assuming that the *Puga* factors favor exhaustion, waiver is appropriate. "Petitioner is challenging the constitutional adequacy of the bond hearing and the bond redetermination hearing." *Zhamagortsyan v. Warden, Adelanto ICE Processing Ctr.*, No. 5:26-CV-04093-DTB, 2026 WL 2876062, at *7 (C.D. Cal. Sept. 24, 2026) (waiving exhaustion requirement where immigration judge failed to correctly apply the relevant legal standard to the facts in denying bond); *see also Vasquez v. Warden, California City Immigration Processing Ctr.*, No. 1:26-CV-04482-DJC-SCR, 2026 WL 2676859, at *3 (E.D. Cal. Sept. 11, 2026), *report and recommendation adopted sub nom. Santibanez Vasquez v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04482 DJC SCR, 2026 WL 2793606 (E.D. Cal. Sept. 17, 2026) (waiving exhaustion requirement where petition presented constitutional challenge to immigration judge's bond determination). Where the Petition presents constitutional due process concerns, there is "no reason to delay review in favor of allowing the BIA to possibly correct an error." *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026). Therefore, Petitioner was not required to exhaust his administrative remedies before seeking habeas relief. *Poot v. Mullin*, No. 5:26-CV-3321-CTS, 2026 WL 2659590, at *5 (C.D. Cal. Sept. 9, 2026) (waiving exhaustion requirement where Petitioner presented constitutional challenge to immigration judge's flight risk determination).

**B. Due Process**

Courts review mixed questions of fact and law under an "abuse of discretion" standard where there are constitutional concerns with an immigration judge's detention determination. *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the immigration judge "applied the correct legal standard." *Id.* (citation and quotations omitted). In other words, "[i]n reviewing

the [immigration judge]'s determination, a district court['s] ... review is limited to whether the [immigration judge]'s decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-CV-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)).

Due process requires immigration judges to consider alternative conditions when setting bond. *Hernandez*, 872 F.3d at 990–991, 994. To be sure, immigration judges need not consider alternative conditions after finding a noncitizen to be dangerous, since such a finding means detention is "clearly 'reasonably related' to the government's interest in protecting the public." *Martinez*, 124 F.4th at 786 (citation omitted). But, where the sole concern is risk of flight, that assumption does not always make sense. *Cf. Black v. Decker*, 103 F.4th 133, 159 (2d Cir. 2024) (requiring immigration judges to give "*some* weight" to alternatives to detention for non-dangerous individuals), *cert. granted sub nom. on other questions, Genalo v. Black*, No. 25-886, 2026 WL 1718025 (U.S. June 15, 2026). Courts have repeatedly recognized that risk of flight is commonly addressed effectively through release conditions. As the Ninth Circuit has observed, "the Intensive Supervision Appearance Program—which relies on various alternative release conditions—resulted in a 99% attendance rate at all EOIR hearings and a 95% attendance rate at final hearings." *Hernandez*, 872 F.3d at 991. In light of the "empirically demonstrated effectiveness of such conditions at meeting the government's interest in ensuring future appearances," the Ninth Circuit has held that due process requires consideration of release conditions as an alternative to bond, when the sole concern is risk of flight. *Id.* Accordingly, courts around the country have concluded, there is a significant risk of erroneously detaining noncitizens who might otherwise appear as required, if the immigration judge does not evaluate release on conditions. *See Alvarez Felix v. United States Dep't of Just.*, No. 26-CV-03304-HDV, 2026 WL 1719418, at *2 (C.D. Cal. June 10, 2026) (collecting cases)

Here, the immigration judge abused his discretion, and violated Petitioner's due process rights, in finding that Petitioner was such a serious flight risk that no amount of bond was

appropriate "without 'engag[ing] in any meaningful analysis of potential alternatives to detention, such as a GPS ankle monitor, home detention, enrollment in the Intensive Supervision Appearance Program ("ISAP"), or other reporting requirements as part of the flight risk calculus.'" *Heboud v. Blanche*, No. 5:26-CV-03484-KS, 2026 WL 2494985, at *6 (C.D. Cal. Aug. 24, 2026) (quoting *Alvarez Felix*, 2026 WL 1719418, at *3). "If alternatives can mitigate risks and protect the government's interests, then detention (instead of one of those alternatives) is excessive in relation to those interests[.]" *Doe v. Becerra*, 732 F. Supp. 3d 1071, 1088 (N.D. Cal. 2024). As "no serious consideration was given to alternatives to detention, a necessary component of the due process analysis in the context of bond determinations[,]" the immigration judge abused its discretion in denying Petitioner's release. *Alvarez Felix*, 2026 WL 1719418, at *2.

**C. Remedy**

"Upon determining that an [immigration judge] provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release [ ] or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing." *Perez Velasquez v. Bondi*, No. 26-CV-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026) (collecting cases); *see also Bhim Raj KC v. Chestnut*, No. 1:26-CV-03159-TLN-SCR, 2026 WL 2099279, at *3 (E.D. Cal. July 21, 2026) (ordering release as opposed to another bond hearing); *Kumar v. Warden*, No. 1:26-CV-00035-KES-CDB, 2026 WL 2078191, at *6 (E.D. Cal. July 17, 2026) (collecting cases ordering release and new bond hearings). As Petitioner has been in custody for two months, here "[n]o purpose would be served by requiring [him] to endure another bond hearing and additional time in custody." *See Lara v. Hernandez*, No. C26-0747 TSZ, 2026 WL 1758643, at *5 (W.D. Wash. June 18, 2026). Accordingly, release is the appropriate remedy. *See, e.g., Cruz-Acevedo v. Scott*, No. 2:26-CV-01654-LK, 2026 WL 1623154, at *8-9 (W.D. Wash. June 5, 2026) (finding release was the appropriate remedy where immigration judge abused its discretion in finding Petitioner was a flight risk); *Shirley v. Scott*, No. 2:26-CV-02980-BAT, 2026 WL 2833676, at *5 (W.D. Wash. Sept. 22, 2026) (similar).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the petition for writ of habeas corpus is GRANTED. Respondents shall release Petitioner within seven days. Petitioner's release may include a reasonable and appropriate bond or other conditions, if ordered by an immigration judge.

The Clerk of Court is directed to enter judgment for Petitioner and close this case. All pending motions are DENED as moot in light of this Order.

**IT IS SO ORDERED.**

Dated: November 25, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Eastern District of California